UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TANYA M. JACKSON                    *         CIVIL ACTION   NO.

VERSUS                              *         DISTRICT JUDGE 23-348

GLY-TECH SERVICES,INC.              *         MAGISTRATE JUDGE

SECT. D MAG.5

PETITION FOR WRONGFUL,RETALIATORY,AND

DISCRIMINATORY EMPLOYMENT TERMINATION

NOW INTO COURT,comes plaintiff,Tanya M. Jackson,In Proper Person,
a person of the full age of majority and domiciled in the Parish
of Jefferson,State of Louisiana with respect represents:
This Court has jurisdiction pursuant to Chapter 21 § 1983. Civil
Action For Deprivation Of Rights.

1.

Made defendant herein,is Gly-Tech Services,Inc;an Oil and Gas Clean-
ing Services Company,2054 Paxton St;Harvey,La.70058. (504) 348-
8566. Authority,Rockwell Buras,President.

2.

Plaintiff/Petitioner,had been employed with the aforesaid defendant
from October 1,2000 to the termination date of October 11,2022.
Hence! Twenty two years without any deficient job performance and/or
negative evaluations. Hence! Plaintiff,was the only African American
female employed with defendant in a managerial capacity. Prior to
her termination on October 11,2022. See copy annexed herewith,desig--
nated as Exhibit A. Plaintiff,worked at the cooperate office of defen-
dant begining on October 1,2000. The separation notice contradicts
petitioner's tenure!

3.

During plaintiff's employment with defendant. Plaintiff had experi-

√Fee _____
___Process_____
X Dktd_____

enced a hostile environment and harrassment from February 1,2001 through September 1,2001. Being intimated by former office manager, Cathy Clements. Who concluded,"that the hiring of Tanya Jackson,made her uncomfortable." This motivated a degree of retaliation against petitioner! Due to the dislike of petitioner and newly appointed division manager of operations,Michael Dal Degan. This attributed to petitioner's informal resignation during September of 2001. On the aforesaid date and after departing from the Harvey,Louisiana Office. Petitioner,was contacted by President,Rockwell Buras. Who stated,"that he was not accepting petitioner's resignation and for petitioner to confer with him personally the next day to resolve the issues by Cathy Clements and Michael Dal Degan."

4.

However,after two months from the aforesaid meeting with Rockwell Buras and Cathy Clements to resolve frictional behavior. There continued to be a re-occurence in behavior demonstrated by Cathy Clements. There-by,resulting in a large number of office personnel resignations. This impact,resulted in petitioner to formally resign during February of 2002. President,Rockwell Buras,accepted petitioner's resignation. Four months later. Petitioner,was contacted by Michael Dal Degan,to be offered re-employment at the Gly-Tech Services,Inc;New Orleans Division. Located at 7366 Townsend Place,Suite B,New Orleans,La. 70126. This re-hirement,demonstrates how valuable of an employee petitioner was to Gly-Tech Services,Inc. See Seperation Notice and re-hired date of July 22,2002 asterisked annexed herewith,designated as Exhibit B. This employment re-hirement cycle lasted from July 22,2002 to October 11,2022.

-2-

5.

Petitioner, had an amicable business relationship with Mark Middleton majority owner, and vice-president of operations. There was friction between the two after Mark Middleton, offered Rockwell Buras, a 5% minority ownership. Unfortunately, Mark Middleton, expired during November of 2020. Had Mark Middleton, continued to live! Rockwell Buras, would not have been in position to exert his bias and prejudicial behavior unto, petitioner.

6.

Since, Mark Middleton and Michael Dal Degan were committed during their business relationship. The death of Mark Middleton, discouraged, Michael Dal Degan, to formerly resign in February of 2021. In lieu, of an unfriendly relationship with Rockwell Buras!

7.

The New Orleans Division, being supervised by petitioner, as operations manager was out-performing other divisions and eventually relocated to Slidell, Louisiana in July of 2013. As an incentive to retain petitioner. Michael Dal Degan and Barry Graf, awarded petitioner with a salary increase and pre-paid gasoline card for her commuting trips from New Orleans to Slidell and return trips! The aforesaid card was confiscated upon petitioner's termination!

8.

Even though, Rockwell Buras, was president in the corporate office. His expertise was instrumental in sales/division which contradicted the emphasis of majority owner, Mark Middleton's dependency on Michael Dal Degan's administrative skills of the industrial division. As, Rockwell Buras, was a previous automobile sales person! Mr. Buras, lacked the

diversified knowledge and industrial skills to promote company growth. So,that made Rockwell Buras,envious of Michael Dal Degan! A committed associate of Mark Middleton.

9.

In 2015. Mark Middleton,consolidated the two divisions after Dal Degan's resignation. Darryl Boyce,became interim replacement and petitioner's immediate supervisor. There was constant friction and disagreements between Buras and Boyce! Darryl Boyce,maintained that position from February to October 2021. After wards,Ryan J. Sampey was appointed as general manager of the entire company in January of 2022. In which,the aforesaid became petitioner's immediate supervisor. On September 9, 2022. A meeting was conducted between Ryan J. Sampey and petioner,re-sulting,in an upscaled prestigious job titled offer promotion to div-sion manager that was documented dated correspondence dated September 12,2022 annexed herewith designated as Exhibit C. However,the promo-tion to division manager requierd a stipulation that "petitioner would to complete another probationary period before receiving a pay increase." With the mandatory signing of a Non-Disclosure Agreement(NDA). After (22) years of diligent,dedicated,and committed service. Hence! No other employees were required to sign an (NDA) when offered a promotion! Petitioner,declined the offer! The declination of the aforesaid offer irritated President,Rockwell Buras! Resulting,in a motivated reason to terminate petitioner,disguised as lay-offs!

10.

There is a contradiction of administrative employment pratices to offer an employee a promotion and terminate that individual less than (30) days due to her declination of a promotion!

-4-

See notice of Reduction In Force annexed herewith,designated as Exhibit D. Also,see,Seperation Notice simultaneously concocted on the same date annexed herewith,designated as Exhibit E.

11.

When petitioner was terminated. General Manager,Ryan J. Sampey, countered president,Rockwell Buras,by stating,"she is an asset to the company!" Rockwell Buras,responded,"she must go to past unwritten issues!" Defined by Buras,"as being personal and not professional! Darryl Boyce, petitioner's former immediate supervisor,stated that Rockwell Buras, reiterated that,"petitioner would never get a pay raise as long as he is president!"

12.

A recorded conversation between petitioner and executive board member, David Birch,on October 12,2022. One day after petitioner's termination. Was a shocking surprise to Mr.Birch,who stipulated,"that he had no prerequisite knowledge of lay-offs and/or terminations!" If,it becomes necessitated? This evidence will be presented to the court!

13.

It is obvious,that Rockwell Buras,had a personal vendetta against petitioner and continued to demonstrate biasness and partialness,unto the aforesaid plaintiff,until she was terminated! On the same date of an un-announced Reduction In Force Notice!

14.

It is highly inconceivable and/or abnormal to conduct lay-offs and/or terminations without reasonable notice of time in the structure of the corporate world. Unless,there is a motive of retaliation,biasness,and deprivation of one's civil rights!

15.

As a result of the imposed racial,bias,and prejudicial behavior during petitioner's employment and prior to her termination. Petitioner,was diagnosed with mental anxiety! See copies of medical diagnosis and prescribed medication annexed herewith,designated as Exhibit F.

16.

Annexed herewith,designated as Exhibit G. Are copies of petitioner's job related evaluations during her (22) years of service and tenure. All evaluations are deemed positive and/or productive! Hence! After petitioner's termination there were new hires that occurred to sup-plement the Slidell,Louisiana operations in December of 2022. Thereby, contradicting lay-offs due to deficits!

17.

Petitioner,itemizes damages which she sustained as a result of wrong-ful,retaliatory,and discriminatory employment termination as followed:

| | | |
|---|---|---|
| a. | Wrong Termination | $4,035,782.00 |
| b. | Loss of Income | $2,017,891.00 |
| c. | Loss And Enjoyment Of Life | $1,008,946.00 |
| d. | Mental Anxiety | $1,345,261.00 |
| e. | Mental Anguish | $672,630.00 |
| f. | Deprivation Of Civil Rights | $8,071,564.00 |
| g. | Future Income | $3,026,837.00 |
| h. | Future Damages | $2,345,261.00 |
| | Total | $22,524,172.00 |

Petitioner,is a resident of this state and because of its' poverty and want of means is currently receiving $516.00 dollars per month in food stamp benefits from the Louisiana Department of Children And Family Services. Substanuated,by the attached award letter dated

-6-

November 10,2022. Petitioner,is requesting to proceed without pre-payment of fees or costs under 28USC.§1915 and has attached the appro-riate application affidavit form.

WHEREFORE,PETITIONER prays for judgment in its' favor,and after all due proceedings. That there be a judgment against defendant for wrong-ful,retaliatory,and discriminatory employment termination allegations, as set forth in this petition,and damages amounting to twenty-two million,five hundred and twenty-four thousand,one hundred and seventy-two dollars (22,524,172.00) at four percent (4%) judicial interest until paid,and all court costs and service fees incurred by petitioner, due defendant.

Respectfully Submitted:

_____
Tanya    M.    Jackson
3144 Keith Way Drive
Harvey,La. 70058
(504) 452-2090


_____
JUDGE


New Orleans,Louisiana,this _____ day of _____,2023.

-7-

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED, that a copy of the foregoing petition has been forwarded by United States Mail, Pre-Postage Paid, and by United States Marshall Service to the following.

To: Rockwell Buras, President
    2054 Paxton Street
    Harvey, La. 70058
    (504) 348-8566

Jefferson, Louisiana, this __27th__ day of __January_____ 2023.


_____
Tanya    M.    Jackson